**In re IBM PERIPHERAL EDP DEVICES ANTITRUST LITIGATION.**

**No. 163.**

Judicial Panel on Multidistrict Litigation.

April 21, 1976.

OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, STANLEY A. WEIG-EL, and ANDREW A. CAFFREY, Judges of the Panel.

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Northern District of California and, with the consent of that court, assigned them to the Honorable Ray McNichols, sitting by designation, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re IBM Peripheral EDP Devices Antitrust Litigation*, 375 F.Supp. 1376 (J.P.M.L.1974); 394 F.Supp. 796 (J.P.M.L.1975).

On January 29, 1976, a hearing was held in the transferee court on plaintiff California Computer Products, Inc.'s motion seeking to have Judge McNichols preside at a deposition to be taken in the Southern District of New York. The motion, unopposed by defendant IBM, was based upon the grounds that: (1) Section 1407(b) specifically empowers a transferee judge to "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions"; and (2) it is necessary for Judge McNichols to preside at this particular deposition because the matters to be examined and which will likely result in objections are allegedly of a specialized and sophisticated nature and are inextricably interwoven with all the elements of this litigation, with which Judge McNichols is very familiar.

At the hearing on the motion, Judge McNichols stated that he was not sure that Section 1407(b) gives a transferee judge the power to preside at depositions outside the transferee district. Judge McNichols deferred action on the motion on the understanding that plaintiff would petition the Panel for an order which would satisfy the judge that he has the authority to preside at a deposition in the Southern District of New York.

On February 19, 1976, plaintiff moved the Panel for an order affirming that, by its orders and opinions transferring this litigation to Judge McNichols, the Panel authorized Judge McNichols, pursuant to Section 1407(b), to preside at depositions in districts

outside the Northern District of California. In the alternative, plaintiff moves the Panel for an order specifically authorizing Judge McNichols to so preside at pretrial depositions in this litigation.

■ Under applicable principles of statutory construction, the language of the statute must be examined first. If the statutory language is clear, "there is no need to refer to the legislative history." *Ex Parte Collett*, 337 U.S. 55, 61, 69 S.Ct. 944, 947, 93 L.Ed. 1207, 1211 (1949).

Section 1407(b) provides, in pertinent part, that:

> The judge or judges to whom such actions are assigned, the members of the judicial panel on multidistrict litigation, and other circuit and district judges designated when needed by the panel may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.

This language in paragraph (b), in our view, plainly and clearly empowers a transferee judge to preside at depositions in any federal district without the specific authorization of the Panel. The phrase "designated when needed by the panel" can refer only to judges other than the transferee judge and the members of the Panel. The clear import of the statutory language is that the assistance of "other circuit and district judges" will be "needed" only if the transferee judge or the members of the Panel are unwilling or unable to preside at pretrial depositions in any given federal district.

Although, under the mandate of *Ex Parte Collett, id.,* we need go no further than the clear language of the statute, we note that our interpretation of the relevant portion of paragraph (b) is corroborated by the statute's legislative history, which includes a comment on the then proposed Section 1407 prepared by the Co-Ordinating Committee for Multiple Litigation and submitted as part of the Committee's Report to the Judicial Conference on March 2, 1965. The Co-Ordinating Committee stated that:

> [T]he statute authorizes the panel and the judges to whom the cases are assigned to 'exercise the powers of a district judge in any district for the purpose of conducting pre-trial depositions in such coordinated or consolidated pre-trial proceedings.' *In addition,* the panel is empowered to delegate this responsibility to other judges 'when needed.'

*See Report of the Co-Ordinating Committee on Multiple Litigation Recommending New Section 1407, Title 28* (1965), *reprinted in In re Plumbing Fixtures Cases,* 298 F.Supp. 484, 501 (J.P.M.L.1968) (emphasis added).

While it is not included in the legislative history, we also invite attention to a report on Section 1407 prepared by the Committee on Federal Legislation of the Bar Association of the City of New York in 1967. The Committee states that Section 1407(b) authorizes "the members of the panel themselves and the judges to whom the cases are assigned to exercise the power of a district judge in any district for the purpose of conducting depositions and to delegate this authority to other judges as needed." *See Proposed Legislation for the Transfer of Multiple Suits to a Single District for Pretrial Proceedings,* 6 Reports of Committees of the Association of the Bar Concerned With Federal Legislation, Bulletin No. 1, at 65 (Nov. 1967).

■ IT IS THEREFORE ORDERED that, by our previous opinions and orders in this litigation and pursuant to 28 U.S.C. § 1407(b), the Honorable Ray McNichols is authorized, in connection with this litigation, and in his discretion, to conduct depositions in not only the transferee district but also any other federal judicial district as well.