**BANK OF TEXAS, Plaintiff,**

v.

**COMPUTER STATISTICS, INC.,
Defendant.**

**Misc. No. 73–H–21.**

United States District Court,
S. D. Texas,
Houston Division.

July 12, 1973.

---

Jonathan S. Day, of Butler, Binion, Rice, Cook & Knapp, Houston, Tex., for plaintiff.

Beale Dean, of Brown, Herman, Scott, Dean & Miles, and John H. McBryde of McBryde & Bogle, Fort Worth, Tex., for defendants.

## MEMORANDUM AND ORDER

NOEL, District Judge.

By this action, brought pursuant to Fed.R.Civ.P. 26(c) and 45(d), plaintiff, Bank of Texas, seeks a protective order to prevent what it considers to be oppressive discovery. The discovery, consisting of deposition on written questions and production of bank records, relates to Rumsey v. Malkan, C.A. No. 4–1840, pending before the Honorable Leo Brewster in the Fort Worth Division of the United States District Court for the Northern District of Texas.

This action was brought in this District under the Rule 26(c) provision allowing a motion for a protective order to be brought in the District where the deposition is to be taken. A Rule 26(c) motion may also be urged in the court where the main action is pending.

Arnold Malkan and others, who, as defendants in the main action, are seeking the discovery, now move for transfer of

this ancillary matter to the Fort Worth Division, Northern District of Texas. Defendants desire a decision on the discovery question by the same Judge who is handling the main action. Malkan and others also move to consolidate this Motion to Transfer with an identical motion filed by them in a similar case pending in the Corpus Christi Division of the Southern District of Texas.

Neither plaintiff, Bank of Texas, nor any other interested party has responded in support of or in opposition to these motions as required by Rule 16(D), Local Rules of the United States District Court for the Southern District of Texas.

▮ The Court will deny the unusual Motion to Consolidate for Hearing on a motion and will proceed to consider the Motion to Transfer because: (1) Oral presentation of motions is the exception and none seems warranted in this case, Local Rule 16(C), (F), and (I); (2) No opposition has been filed to the Motion to Transfer; and (3) The Motion to Transfer appears meritorious on its face.

▮ The Court is not precluded from transferring this action to the Court in which the main action is pending by the fact that Rule 26(c) allows the action to be commenced in this Court. The Notes of the Advisory Committee on Rules, 1970 Amendment, mention that "The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." Presumably, proposed transfers are governed by the "convenience of parties and witnesses" and "interest of justice" standard for all changes of venue. 28 U.S.C. § 1404(a).

The main action is a stockholder derivative suit. The complaint charges gross mismanagement of a corporation and questions actions of several parties over an extended period of time. Two other suits relating to defendant's attempts at discovery are now pending, one in the Corpus Christi Division, Southern District of Texas, the other in the Shreveport Division of the Western District of Louisiana. In addition, two state court suits pending in Harris and Tarrant Counties relate to the subject matter of the main action. Not surprisingly, Judge Brewster has stated that the case is a complex one.

The main action was originally filed in March of 1971 in Houston. It was transferred to Fort Worth in September 1971. Judge Brewster has participated in considerable pretrial and discovery activity during the almost two years which have elapsed since the transfer.

The questions raised in plaintiff's motion for a protective order can only be answered by a judge thoroughly familiar with all the facts of the case. An appreciation of the materiality and importance of the records and answers sought by the proposed discovery requires a detailed understanding of the main case. The relationship between the parties to the lawsuit and the non-party, Bank of Texas, is relevant to the question of the reasonableness of the discovery. The complexity of the financial transactions and the role of the Bank of Texas is very important. The ultimate issue, the reasonableness or oppressiveness of the proposed discovery, requires understanding and consideration of the entire lawsuit now pending in Fort Worth.

Were this a simpler case, this Court would hold hearings to familiarize itself with the relevant details and shortly thereafter render an informed decision. Because, however, this is a very complicated matter, the Court is hesitant to make a decision which may substantially affect the course of the main action, without a lengthy presentation by both sides.

The solution to this problem of providing an early but well considered answer to this preliminary but involved problem is transfer of this case to Judge Brewster, who is already thoroughly

knowledgeable of the issues. A transfer will serve both interests of time and a just result.

The only interest disserved by a transfer is the convenience of plaintiff, Bank of Texas, which must now pursue its motion for a protective order in another district. This inconvenience is not significant for a large financial institution and must be considered negligible in comparison to the benefits discussed above. The other interested parties, who are already involved in the substantial litigation in Fort Worth, are not prejudiced by transfer of this lawsuit to that same forum.

Accordingly, the Court concludes that the interests of justice will best be served by granting defendant's Motion to Transfer.

Therefore, it is now ordered, adjudged and decreed, that this cause of action, Bank of Texas v. Computer Statistics, Inc., Misc. No. 73–H–21, be in all respects and for all purposes transferred to the Fort Worth Division of the United States District Court for the Northern District of Texas.