SOCIALIST WORKERS PARTY, et al.

v.

ATTORNEY GENERAL OF the
UNITED STATES, et al.

Civ. No. K–76–1661.

United States District Court,
D. Maryland.

March 16, 1977.

J. Frederick Motz and Craig E. Smith, Baltimore, Md., for John and Louise Rees.

Michael Krinsky and Rabinowitz, Boudin & Standard, New York City, and Irwin Brown, Baltimore, Md., for plaintiffs Socialist Workers Party, and others.

FRANK A. KAUFMAN, District Judge.

John and Louise Rees, non-parties to this case, which is pending before Judge Thomas P. Griesa in the United States District Court for the Southern District of New York, have instituted this proceeding in this Court seeking to quash subpoenas duces tecum, and to obtain a protective order in connection with the taking of their depositions sought by the Socialist Workers Party, et al. (hereinafter called plaintiffs). Plaintiffs seek to depose Mr. and Mrs. Rees in this district and in accordance with Federal Civil Rule 45(d)(2).

While plaintiffs have not formally filed any motion to transfer the issues raised in the within case for determination in and by the United States District Court for the Southern District of New York, they have in several documents in which they oppose the relief sought herein by Mr. and Mrs. Rees specifically asked this Court so to transfer said issues. Mr. and Mrs. Rees vigorously challenge this Court's power so to transfer.

Rule 26(c) of the Federal Civil Rules provides, in relevant part, that "[u]pon motion by * * * the person from whom discovery is sought, and for good cause shown,

the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a * * * person from annoyance, embarrassment, oppression, or undue burden or expense * * *."

Federal Civil Rule 37(a) provides that "[a] party * * * may apply for an order compelling discovery as follows: (1) *Appropriate Court.* * * * An application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken."

Prior to 1970, Federal Civil Rule 26(c) permitted a non-party, whose deposition was sought to be taken, to move for a protective order only in the Court in which the case was pending and not in the Court in the district in which the deposition was proposed to be taken. In 1970 Federal Civil Rule 26(c) was amended to permit such a non-party to move for a protective order not only in the Court in which the case was pending but also in the Court in the district in which the deposition was sought to be taken. The Advisory Committee Note with regard to the said 1970 amendment includes the following:

> The subdivision [that is, subdivision (c) of Federal Civil Rule 26] recognizes the power of the court where a deposition is being taken to make protective orders. Such power is needed when the deposition is being taken far from the court where the action is pending. *The court where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending.* [4 Moore's Federal Practice ¶ 26.01[21] at 26–54 to 55 (1975). (Emphasis supplied.)]

■ There is nothing in the Advisory Committee Note, or in the language of the Rule as changed, which in any way indicates that the Rule change in 1970 was intended to take away from the Court in which the action is pending the power to determine all issues with regard to the granting of protective orders sought by non-parties, regardless of whether or not such non-parties are citizens or residents of the district in which the Court, in which the action is pending, sits. Indeed, the alternative use of such a Court as well as of the Court sitting in the district in which the deposition is scheduled to be taken is continued in force and effect by the Rule as amended in 1970. The Advisory Committee Note and discussion in connection with the 1970 change are set forth in 4 Moore's Federal Practice ¶ 26.01[21], *supra,* and also in 4 Moore's Federal Practice ¶ 26.68 at 26–489 n. 3 (1976–77 Cum.Supp.).

■ In *Bank of Texas v. Computer Statistics, Inc.,* 60 F.R.D. 43, 45 (S.D.Tex. 1973), Judge Noel, relying on the above-cited statement appearing in the Advisory Committee Note with regard to the 1970 amendment to Federal Civil Rule 26(c), transferred an action in which a protective order was sought by a non-party in a case pending in another federal district court, to that latter federal district court. In so doing, Judge Noel stated that the substantive "questions raised in plaintiff's motion for a protective order can only be answered by a judge thoroughly familiar with all the facts of the case." While Mr. and Mrs. Rees dispute the existence of any complicated factual situation in this case, this Court believes that there is a very good chance that the same does exist. The issues raised in this case before this Court are complex and require considerable balancing of important alleged constitutional and other rights and privileges of plaintiffs and of Mr. and Mrs. Rees. Counsel for plaintiffs have informed this Court that issues which are not too dissimilar have already been considered by Judge Griesa with regard to persons other than Mr. and Mrs. Rees. While Mr. and Mrs. Rees are clearly entitled to have the issues raised in this case determined solely in their own context, such determination necessarily, at least from the point of view of plaintiffs, will require knowledge of and consideration of many, if not all, of the substantive issues in the pending case before Judge Griesa. Accordingly, Judge Noel's statement as to the preferability of protective orders, such as

those presented in this case, being decided "by a judge thoroughly familiar with all the facts of the case" is in the opinion of this Court most applicable herein.

The author in the portion of the 1976–77 Cumulative Supplement to Moore's Federal Practice, cited *supra,* has written as follows:

N.3 The Advisory Committee Note of 1970 to subdivision (c) states: "The court where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." See ¶ 26.01[22], *supra.* In *Bank of Texas v. Computer Statistics, Inc.* (SD Tex 1973) 60 FRD 43, in which the court in which the deposition was being taken entertained a motion to transfer "this ancillary matter" to the court in which the action was pending, observing that "[p]resumably, proposed transfers are governed by the 'convenience of parties and witnesses' and 'interest of justice' standard for changes of venue. 28 USC § 1404(a)." There are some textual difficulties with this approach. Concededly, 28 USC § 1404(a) is not technically applicable since it deals with transfer of a "civil action," not a proceeding on a motion, and while § 1404(b) applies to the latter, it is in terms limited to intradistrict transfers. Since the Rule is silent on the subject, there appears to be no statutory or rule provision for transfer of the motion proceeding from one district to another. What the Advisory Committee probably had in mind was that the court in which the deposition was being taken would simply decline to rule on the motion, leaving the party to make his motion in the court in which the action is pending. Despite the "creative cast" of the ruling in *Bank of Texas,* the procedure makes good sense.

In *Benetz v. Photon, Inc.* (D Mass 1975) 21 FR Serv2d 791, and *Celanese Corp. v. E. I. du Pont de Nemours & Co.* (D Del 1973) 58 FRD 606, it is stated that auxiliary courts normally will be hesitant to restrict discovery on the ground of relevance.

It might well be that this Court would also be hesitant to restrict discovery on the ground of "relevance" in this case as were the Courts in *Benetz* and *Celanese.* However, even if that is not so, there would appear to be nothing in Federal Civil Rule 26(c) which prohibits this Court from granting the transfer sought by plaintiffs. Not only does such a transfer make "good sense", but silence in the Rule with regard thereto should hardly be held to stand in the way of such transfer, particularly in the light of the history of the Rule change itself. Prior to 1970, this matter could not be before this Court. What the position of Mr. and Mrs. Rees adds up to is that the 1970 Rule change was meant to deprive all District Courts of the *power,* either acting *sua sponte* or at the request of the party in the foreign case seeking to depose non-parties such as Mr. and Mrs. Rees, to transfer to the Court in which the litigation is pending. Such a construction of the Rule would mean that no matter how complicated the case in the foreign Court might be, or how long it has been going on, or what relationship exists between the subject matter of the issues raised in the foreign Court and other similar procedural and substantive issues in the Court in which the case is pending, it would be impossible to transfer to that Court. Such a construction of Federal Civil Rule 26(c) is rejected by this Court.

In *Paesch v. Winter,* 366 F.2d 756, 757 (4th Cir. 1966), the Fourth Circuit suggested, in the context, of a section 1404(a) transfer, that the defendant should "be required to pay the subsistence and travel expenses of the medical witnesses whom the plaintiff calls from Maryland, plus so much of their fees as is based upon the additional time required of them in going to and from, and attending court at, the place of trial." In this case, the taking of the depositions of Mr. and Mrs. Rees will take place, to the extent it is permitted, in accordance with Federal Civil Rule 45(d)(2). However, the within transfer Order of this Court will require the appearance in the United States District Court for the Southern District of New York of counsel repre-

702

senting Mr. and Mrs. Rees. Mr. and Mrs. Rees themselves may also desire to be present for such proceedings. Accordingly, it would seem only fair[1] that plaintiffs herein should be required to pay all additional counsel fees and travel and subsistence expenses of Mr. and Mrs. Rees and of their counsel which are caused by the within transfer.

Counsel for plaintiffs are hereby required to inform this Court, in writing, on or before March 25, 1977, that they will agree to pay the additional costs and expenses referred to in the preceding paragraph of this opinion as determined by the United States District Court for the Southern District of New York. If counsel for plaintiffs so do, this Court will forthwith enter a transfer Order in accordance with the provisions of this opinion.

---

1. The fact that 28 U.S.C. § 1404(a) is not itself applicable herein, as pointed out *supra,* in no way suggests that the *Paesch* approach should

not be followed herein in connection with a transfer pursuant to Federal Civil Rule 26(c).