In re URANIUM ANTITRUST
LITIGATION.

WESTINGHOUSE ELECTRIC
CORPORATION, Plaintiff,

v.

RIO ALGOM LIMITED et al.,
Defendants.

In re TENNESSEE VALLEY AUTHORI-
TY URANIUM ANTITRUST
LITIGATION.

No. 76 C 3830.  MDL Nos. 342, 342–A.

United States District Court,
N. D. Illinois, E. D.

Aug. 15, 1980.

See also D.C., 480 F.Supp. 1138.

Donovan, Leisure, Newton & Irvine, Ol-wine, Connelly, Chase, O'Donnell & Wey-her, New York City, Freeman, Rothe, Free-man & Salzman, Chicago, Ill., Westinghouse Electric Corp., Raymond Scannell, Pitts-burgh, Pa., for Westinghouse.

Arter & Hadden, Cleveland, Ohio, Jeffrey Neal Cole, Winston & Strawn, Chicago, Ill., Simpson, Thacher & Bartlett, New York City, for Atlas.

Schiff, Hardin & Waite, Chicago, Ill., for Anaconda Co.

Peterson, Ross, Schloerb & Seidel, Chica-go, Ill., Mudge, Rose, Guthrie & Alexander, New York City, for Denison Mines, Inc.

Cahill, Gordon & Reindel, New York City, Altheimer & Gray, Chicago, Ill., for Engel-hard.

Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah, Lord, Bissell & Brook, Chicago, Ill., for Federal Resources Corp.

McCutchen, Doyle, Brown & Enersen, San Francisco, Cal., McDermott, Will & Emery, Chicago, Ill., for Homestake.

Chadwell, Kayser, Ruggles, McGee & Hastings, Chicago, Ill., for Kerr–McGee.

Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for Noranda.

Debevoise, Plimpton, Lyons & Gates, New York City, for Phelps & Western.

Locke, Purnell, Boren, Laney & Neely, Dallas, Tex., Wildman, Harrold, Allen & Dixon, Chicago, Ill., for Pioneer.

McConnell & Campbell, Chicago, Ill., for Reserve.

O'Melveny & Myers, Los Angeles, Cal., Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for RTZ.

Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., Bigbee, Stephenson, Carpenter & Crout, Santa Fe, N. M., for United.

Mayer, Brown & Platt, Chicago, Ill., for Utah.

Jenner & Block, Chicago, Ill., for Rio.

Arnold & Porter, Washington, D. C., for Urangesellschaft.

Kramer, Lowenstein, Nessen, Kamin & Soll, New York City, Karon, Morrison & Savikas, Chicago, Ill., for Uranerz.

Weil, Gotshal & Manges, New York City, for Uranex.

Keck, Cushman, Mahin & Cate, Chicago, Ill., Howrey & Simon, Washington, D. C., Latham & Watkins, Los Angeles, Cal., Davis, Graham & Stubbs, Denver, Colo., for Gulf.

Burditt & Calkins, Chicago, Ill., Overton, Lyman & Prince, Los Angeles, Cal., for Getty.

Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for British Government.

Herbert S. Sanger, Jr., Gen. Counsel, Charles W. Van Beke, Asst. Gen. Counsel, Harriet A. Cooper, Knoxville, Tenn., for Tennessee Valley Authority.

## MEMORANDUM ORDER

MARSHALL, District Judge.

Plaintiff Westinghouse Electric Corporation has renewed its motion for the entry of an order exercising control over non–party discovery. Westinghouse requests that we enter an order purportedly pursuant to 28 U.S.C. § 1407(b) requiring that all non–party discovery disputes be presented to us for resolution regardless of the district in which the discovery is being conducted and the dispute arises. A similar motion was made in the fall of 1979. On November 13, 1979 we made known our willingness to entertain any motion brought pursuant to Rules 26(c), 37, 45(b) and 45(d) of the Federal Rules of Civil Procedure arising from any dispute which may occur during the course of discovery from any non–party. We directed all of the parties to this multidistrict action to join in a request to transfer any non–party discovery motion from the court in which it is filed to this court. We suggested that a motion brought by a party under Rule 45(d) to compel discovery by a non–party could be transferred by the district court in which the motion was first presented to this court pursuant to the rationale of *Socialist Workers Party v. Attorney General*, 73 F.R.D. 699 (D.Md.1977).

Pursuant to the November 13 order the parties have jointly requested transfer of two non–party discovery disputes from the Northern District of California and the District of the District of Columbia. Judge Cecil Poole of the Northern District of California and Judge Thomas Flannery of the District of Columbia have both ruled that they lack authority to transfer the dispute, holding in essence that a non–party deponent is entitled to have a motion to compel heard in the district the process of which has been used to compel the attendance of the deponent.

Thus, the transfer procedure which we suggested in November, 1979 has not worked as smoothly as we had hoped. We continue to be of the view that motions relating to non–party discovery are transferable. *Socialist Workers Party v. Attorney General, supra; Bank of Texas v. Computer Statistics Inc.*, 60 F.R.D. 43 (S.D.Tex. 1973). However, we recognize that the varying language and interpretations of the Federal Rules of Civil Procedure as they relate to non–party discovery form a justifiable basis for a difference of opinion. *See, e. g.*, Rule 30(d) (party resisting deposition may do so either in court in which examination is conducted or in which action is pending); Rule 26(c) (protective order may be sought by non–party either in court in which action is pending or court issuing subpoena); Rule 45(b) (non–party may file motion to quash or modify a subpoena, or to condition discovery on advancement of

costs, either in court issuing the subpoena or court in which action is pending); Rule 45(d) (party filing notice of objections to subpoena can be ordered to comply only by court issuing subpoena).

■ The language of § 1407(b) and its sparse legislative history do not encourage us to enter an order the likes of which Westinghouse suggests. We have been designated as the transferee judge of these multidistrict actions pursuant to 28 U.S.C. § 1407. *In Re Uranium Industry Antitrust Litigation,* 458 F.Supp. 1223 (Jud.Pan.Mult. Lit.1978). The actions were transferred and assigned to us "for coordinated or consolidated pretrial proceedings." Section 1407(b) provides that, "The judge ... to whom such actions are assigned, ... may exercise the powers of a district judge *in* any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." (emphasis added). The preposition "in," we must assume, was advisedly used. Thus, the statute clearly authorizes us as transferee judge to journey to another district to hear a discovery dispute *in* that district, but we may lack the authority to exercise the judicial power of a judge of the other district from our present forum, i. e. reach out, assert jurisdiction, and compel the non–party disputants to the out–of–district discovery controversy to appear initially in this district. It is our judgment that if the district court in which the non–party dispute arises is unwilling (or perceives itself as unable) to transfer the dispute here we cannot compel it to do so.

Furthermore, in the context of this proceeding such an exercise of out–reach jurisdiction might prove counter–productive. The Westinghouse complaint is presently set for trial on September, 1981. The last thing this case needs is an interdistrict or intercircuit dispute with respect to non–party discovery. *See In re Corrugated Container Antitrust Litigation,* 611 F.2d 86 (5th Cir. 1980), 974 *Antitrust & Trade Reg. Rep.* A–1.

■ Accordingly, we deny the renewed motion of plaintiff Westinghouse Electric Corporation for an order exercising control over non–party discovery to the extent that it seeks us to compel the transfer of discovery disputes from other districts to this district. However, pursuant to the order designating us as transferee judge of these districts and pursuant to the language of 28 U.S.C. § 1407(b) that we may "exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions" and in conformity with the decision of the Judicial Panel on Multidistrict Litigation in *In re IBM Peripheral EDP Antitrust Litigation,* 411 F.Supp. 791 (1976) we state that we will go to other districts to hear and decide motions to compel discovery from non–parties. When any motion is presented by any of the parties to this action in another district we direct that the moving party request a briefing schedule of 5–10–5; arrange for the briefs to be delivered to our chambers; and arrange for a hearing date and judicial accommodations for us in that district on Tuesday, Wednesday or Thursday of the fourth week following the presentation of the motion.