**SECURITIES AND EXCHANGE COMMISSION**

v.

**PARADYNE CORPORATION.**

Civ. No. K–84–3862.

United States District Court, D. Maryland.

Jan. 15, 1985.

Michael K. Wolensky and Barton S. Sacher, S.E.C., Atlanta, Ga., and J. Frederick Motz, U.S. Atty., and Larry A. Ceppos, Asst. U.S. Atty., Baltimore, Md., for plaintiff.

Jeremy P. Ross and Bush, Ross, Gardner, Warren & Rudy of Tampa, Fla., James H. Schroop and Fried, Frank, Harris, Schriver & Kampelman, Washington, D.C., and L. Paige Marvel and Garbis & Schwait, Baltimore, Md., for defendant.

R. Tenney Johnson and Zuckert, Scoutt, Rasenberger & Johnson, Washington, D.C., and Richard Whiteford and Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., for deponent David W. Walden.

Steven R. Ross, Gen. Counsel to the Clerk of the U.S. House of Representatives, Charles Tiefer, Asst. Gen. Counsel, and Michael L. Murray, Asst. Counsel, Washington, D.C., for Committee on Government Operations of the U.S. House of Representatives.

FRANK A. KAUFMAN, Chief Judge.

In *Securities and Exchange Commission v. Paradyne Corporation*, No. 83–351–Civ–T–10, instituted on March 25, 1983 in the United States District Court for the Middle District of Florida, Tampa Division (Tampa Court), the Securities and Exchange Commission (SEC), as plaintiff, alleges that defendant violated certain provisions of the federal securities laws with regard to defendant's obtention of and performance under a contract with the Social Security Administration (SSA). Subsequent to the filing of the said Florida case on March 25, 1983, three cases have been filed in this Court relating to discovery being conducted in this District with regard

to the said pending Tampa case. In one of those cases, Civil No. T–83–1256, defendant sought to compel attendance of certain SSA employees at noticed deposition proceedings. In addition, questions arose in that case concerning the production of certain SSA documents. That case ended pursuant to an agreement among the parties approved by the Court. In Civil No. K–83–3155, a discovery dispute erupted relating to the appropriate place and time for the taking of a deposition of a nonparty deponent. That case was terminated after an Order of this Court and subsequent agreements between counsel of record and the deponent. In Civil No. K–84–1586, two nonparty deponents sought relief. In that case, this Court issued a stay Order dated April 24, 1984, permitting the issues raised in that case to be presented to the Tampa Court and closing that case subject to reopening if the SEC, Paradyne or the nonparty deponents so requested on or before May 22, 1984. No such request has been lodged with this Court.

The within case represents the fourth instance in which a discovery dispute relating to the Tampa case has been submitted to this Court. Herein, defendant has moved to compel a nonparty deponent, David W. Walden, to answer certain questions addressed to Walden during the taking of Walden's deposition on September 6, 1984 and September 25, 1984. Seemingly, Walden is being deposed because he is the author of a study commissioned by the SSA at the request of the SEC to examine certain matters allegedly related to the subject matter of the Tampa case. Walden's deposition was noticed by defendant and was attended by Charles Tiefer, Esq., counsel for the Committee on Government Operations of the United States House of Representatives (Committee). Tiefer was so present over the continuing objection of counsel for defendant. The deposition proceeding was also attended by counsel, respectively, for Walden, the SEC and defendant. The record of the said deposition proceeding, as well as all documents filed

in this case, reveals that Walden, as the deponent, was, on September 6 and September 25, 1984, and presently is, prepared to answer the questions which were put to him by defendant during the deposition proceeding, insofar as he personally is concerned, but that he refused to answer certain questions simply because of his desire not to answer any questions which the Committee has a right not to have him (Walden) answer. In that regard, the Committee takes the position that it has the right to assert a privilege against Walden's answering such questions, contending that Walden, formerly employed in a rather high-ranking position by the SSA from January 30, 1983 to September 1, 1984, and currently living in Maryland, submitted an investigative report to the SSA concerning defendant's dealings with that agency, that Walden testified with regard to his investigation in a public session before the Committee and that such report was subsequently made available to the Comptroller General.

The defendant takes the position that the Committee enjoys no such privilege and seeks from this Court an order compelling Walden to answer not only the questions which he refused to answer during the deposition proceeding, but also certain additional questions which defendant desires to put to Walden during a renewed deposition proceeding. Defendant further asks this Court to order Tiefer not to attend any further deposition proceedings involving Walden as a deponent and, additionally, seeks sanctions against Tiefer for his actions to date. Finally, defendant has moved to transfer its within quests for relief to the Tampa Court. Walden, joined by the SEC and the Committee, opposes such transfer and all such relief. While there would appear to be considerable doubt as to whether this Court has the power to transfer defendant's quest for any order directed to Walden to any federal district court outside of the District of Maryland,[1] there would appear to be no

---

1. Rule 37(a)(1), as amended in 1970, provides as    follows:

question concerning this Court's power to transfer defendant's motion seeking an order to Tiefer not to attend any renewed deposition proceeding involving Walden. Federal Civil Rule 26(c) provides that a party may seek, either in the forum court or in a court in which district the deposition is being taken, an order "to protect a party ... from annoyance, embarrassment, oppression, or undue burden or expense, including ... (5) that discovery be conducted with no one present except persons designated by the court...." Accordingly, defendant's motion to issue such an order to Tiefer may be transferred by this Court, *i.e.*, the court in the district in which Walden's deposition is being taken, to the Tampa Court, *i.e.*, the forum court. *See Socialist Workers Party v. Attorney General*, 73 F.R.D. 699 (D.Md.1977); *Bank of Texas v. Computer Statistics, Inc.*, 60 F.R.D. 43 (S.D.Tex.1973). While defendant's quest for relief in this case was seemingly brought principally pursuant to Federal Civil Rule 37(a), defendant has indicated that Rule 26(c), as well as Rule 37(a) and other rules, is applicable.[2]

Defendant has further indicated that discovery in the Tampa case will involve information submitted to the Committee by federal governmental agencies located in districts other than in the District of Maryland.[3] Neither the SEC, the Committee or Walden has asserted to the contrary. In that context, it would appear advisable for this Court to permit the Tampa Court to have the opportunity itself to consider questions of privilege asserted by the Committee in the within case—questions which will seemingly relate to the case before it in more than a discovery context—at the same time that the Tampa Court determines, pursuant to transfer from this Court, whether Tiefer or anyone else representing the Committee may be present at the deposition of a nonparty deponent such as Walden. As a practical matter, in view of Walden's asserted willingness to answer the type of questions which defendant has put and desires to put to him (provided by so doing he [Walden] is not taking a position contrary to one meritoriously asserted by the Committee), the determination of whether the Committee may rightfully assert such a privilege and also whether Tiefer or anyone else representing the Committee may be present at the deposition of Walden or some other nonparty deponent will seemingly go a long way toward preventing further discovery disputes of the type involved in the within and in certain of the three earlier cases filed in this Court. Accordingly, this Court is today entering an Order transferring to the Tampa Court defendant's quest for an order to Tiefer not

*Appropriate Court.* An application for an order to a party may be made to the court in which the action is pending, or, on matters relating to a deposition, to the court in the district where the deposition is being taken. An application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken.

The Moore treatise states that—

Appropriate Court.

Rule 37(a)(1) provides that all motions to compel discovery, except those that relate to the taking of a deposition are to be made in the court in which the action is pending. In the case of motions relating to the taking of a deposition, if the deponent is a party, the motion can be brought either in the court in which the action is pending, or in the court in the district in which the deposition is being taken. If the deponent is not a party, then the motion must be brought in the court in the district in which the deposition is being taken.

4A J. Moore, J. Lucas, D. Epstein, Moore's Federal Practice § 37.02(1) (2d ed. 1984) (footnote omitted). *See* the following cases taking, in certain instances, positions embodying at least some variance: *Westinghouse Electric Corp. v. Rio Algom Ltd.*, 503 F.Supp. 33 (N.D.Ill.1980); *Westinghouse Electric Corp. v. Rio Algom Ltd.*, Misc. No. 79–0920 (D.D.C. July 3, 1980); *In re Subpoena to Ford Aerospace & Communications Corp.*, 27 Fed.R.Serv.2d 402 (E.D.Pa.1979); *Zinser v. Palmby*, 440 F.Supp. 1022 (D.D.C.1977). *See also*, in a pre-1970 setting before Rule 37(a) was amended to its present state, *Lincoln Laboratories, Inc. v. Savage Laboratories, Inc.*, 27 F.R.D. 476 (D.Del.1961). A copy of Judge Flannery's opinion in *Westinghouse Electric Corp.* is filed in the court file in this case.

2. *See* page 5 and starred footnote thereto in defendant's memorandum filed in this Court on November 27, 1984 (docket No. 10).

3. *See* the memorandum cited in note 2, *supra*, p. 7, n. **.

to attend the taking of the deposition of Walden if and when the same resumes. In that said Order, this Court will stay its consideration of any and all other quests for relief in this case by defendant pending further action by the Tampa Court. Also, in that said Order, this Court will require defendant to file status reports concerning these matters on the first day of March, 1985 and on the first day of each subsequent month, until relieved from that obligation by further order of this Court. After defendant files any such report, the SEC, the Committee and Walden may have the opportunity to respond to any such submission by defendant within 14 days after the date of filing of such submission by defendant. Finally, that Order will afford to the SEC, the defendant, the Committee and Walden the opportunity to file any submission in this Court at any time with respect to any of the issues pending in this Court in this case.

