**PACTEL PERSONAL COMMUNICATIONS,
Plaintiff,**

v.

**JMB REALTY
CORPORATION, Defendant.**

**No. 90–MISC–428.**

United States District Court,
E.D. Missouri, E.D.

Nov. 29, 1990.

D. Robert Cumming, Jr., Charles T. Lester, Jr., Glen M. Darbyshire and Laura M. Shamp, Sutherland Asbill & Brennan, Atlanta, Ga., Erwin O. Switzer, Bryan Cave McPheeters & McRoberts, St. Louis, Mo., for plaintiff.

Emmet J. Bondurant, II, Jeffrey O. Bramlett and P. Richard Game, Bondurant Mixon & Elmore, Atlanta, Ga., for defendant.

William A. Richter Allison H. Behrens, Peper Martin Jensen Maichel & Hetlage, St. Louis, Mo., for Cybertel, Proost and Jerry.

**MEMORANDUM**

GUNN, District Judge.

This matter is before the Court on the following motions: motions for protective order filed by non-parties CyberTel Financial Corporation, William T. Jerry, and Robert L. Proost; motions to quash subpoena *duces tecum,* filed by CyberTel and Proost;

motion to quash subpoena, filed by Jerry; motion to compel production of documents pursuant to subpoena *duces tecum,* filed by plaintiff; and CyberTel's motion to transfer.

These discovery motions comprise the action pending in this Court, and relate to an action currently pending in the United States District Court, Northern District of Georgia, styled *Pactel Personal Communications v. JMB Realty Corporation,* Civil Action No. 1:90–cv–1542–HTW. Another related case is also pending in that district, *Pactel Personal Communications v. Cox Enterprises, Inc.,* Civil Action No. 1:86–cv–2073–HTW. *Pactel v. JMB Realty* was filed in July 1990, and in September 1990, Pactel caused subpoenas to be issued from this Court to CyberTel, Proost and Jerry.

The non-parties are attempting to quash the subpoenas issued and have filed various motions in this Court. In response, plaintiff filed its motion to compel. The initial issue to be resolved by this Court, however, is whether to retain jurisdiction and rule on the motions, or whether to transfer them to the Northern District of Georgia, where the actions are pending. The non-parties move this Court to transfer, based on Fed.R.Civ.P. 26(c). The plaintiff does not oppose transfer of the motions for protective order, but claims this Court is required to rule on its motion to compel, pursuant to Fed.R.Civ.P. 45(d)(1).

According to Rule 26(c), "on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires." The non-parties claim that this rule empowers the Court to transfer the discovery motions to the court where the main action is pending. However, plaintiff relies on Rule 45(d)(1), which provides that if an objection is made to a subpoena, "the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued." Plaintiff claims this rule controls, and that this Court is mandated to rule on its motion to compel. Another rule which is relevant here is Rule 37(a)(1), which deals with motions to compel. The relevant language is as follows: "An application for an order (compelling discovery) to a deponent who is not a party shall be made to the court in the district where the deposition is being taken."

The Court has found few cases to provide it direction in this situation. However, from the few which the Court has reviewed, the Court has determined that pursuant to the power granted in Rule 26(c), it can issue an order transferring the discovery to the Atlanta court.

In *Byrnes v. Jetnet Corporation,* 111 F.R.D. 68 (M.D.N.C.1986), the plaintiff filed a motion to compel in the court from which a subpoena had been issued, directed at a party (who was originally a non-party at the time he was subpoenaed) to produce documents. The subpoenaed party opposed the forum, and claimed that the court where the main action was pending should rule on the motion. The court considered Rules 37 and 45, and noted that Rule 45 specifically provides that objections to subpoenas be considered by the issuing court. Before concluding that the issuing court was the appropriate forum, however, the court noted that the subpoenaed party had not filed a motion for protective order pursuant to Rule 26, and also had not requested that the controversy be transferred to the other forum. The court also stated that it would be reluctant to grant such a transfer absent a showing that the discovery dispute was unusual or complex and more appropriately decided in the other forum. Finally, the court made the following statement:

> Although some courts have entertained the idea of transferring a discovery dispute involving a non-party to the court where the action is pending, ...; the emergency consensus is that the matter may not be transferred over objection from a non-party because the transferee court lacks jurisdiction.... To the extent the non-party seeks a ruling by the court where the action is pending, it has been held the parties *do not have a right to prevent transfer.*

111 F.R.D. at 70 n. 2 (emphasis added).

This Court also finds support for transfer in *Socialist Workers Party v. Attorney*

*General of the United States,* 73 F.R.D. 699 (D.Md.1977). In that case, the non-parties sought relief from subpoenas in the court from which the subpoenas had issued, and opposed any suggestion of transfer to the court where the action was pending. The court noted the power of transfer granted to it in Rule 26(c) and relied on the history of the 1970 amendment of the rule:

> The subdivision [that is, subdivision (c) of Federal Civil Rule 26] recognizes the power of the court where a deposition is being taken to make protective orders. Such power is needed when the deposition is being taken far from the court where the action is pending. *The court where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending.* [4 Moore's Federal Practice § 26.01[21] at 26–54 to 55 (1975). (Emphasis supplied.) ]

73 F.R.D. at 700. Seeking to transfer, the court noted that the rules lack a provision for transfer of a motion proceeding from one district to another. An interpretation preventing such was rejected by the court, finding,

> Such a construction of the Rule would mean that no matter how complicated the case in the foreign Court might be, or how long it has been going on, or what relationship exists between the subject matter of the issues raised in the foreign Court and other similar procedural and substantive issues in the Court in which the case is pending, it would be impossible to transfer to that Court.

73 F.R.D. at 701. Therefore, the court concluded that nothing in Rule 26(c) prohibits such a transfer.

Similarly, this Court finds that the circumstances surrounding this action dictate a transfer of the discovery motions to the Georgia court. The non-parties in this action are seeking the transfer. Therefore, pursuant to the statement in *Byrnes, supra,* the parties do not have a right to prevent transfer. Although the Court notes the language of Rule 45 as relied on by plaintiff in support of his opposition to the transfer, the Court finds that Rule 26(c)

empowers it to transfer even motions to compel. Furthermore, the Court finds that the issues would best be decided by the Atlanta court, which is familiar with the facts of this and the related case, and the posture of the parties.

Finally, the Court notes that non-party Proost has withdrawn his motion to transfer and has informed plaintiff that he possesses no documents responsive to the subpoena *duces tecum.* In response, plaintiff has withdrawn that portion of its motion to compel directed to Proost. Given these circumstances, and the lack of any particular objection to transfer filed by Proost, the Court finds that a transfer will not harm Proost's interests.

An appropriate order shall accompany this memorandum.

### ORDER

In accordance with the memorandum filed this date and incorporated herein,

IT IS HEREBY ORDERED that the motion of non-parties CyberTel Financial Corporation and William T. Jerry to transfer discovery matters is granted.

IT IS FURTHER ORDERED that this action is transferred, pursuant to Fed.R. Civ.P. 26(c), to the United States District Court, Northern District of Georgia, Atlanta Division.