940 F.2d 1389
 20 Fed.R.Serv.3d 1390
 Milton PETERSEN, III, Plaintiff-Appellee,
v.
DOUGLAS COUNTY BANK & TRUST COMPANY, a banking corporation;
Timothy M. Brennan; Dale B. Heimann; Amil Chilese;
Douglas County Bank & Trust Company, acting in a fiduciary
capacity as Trustee of the Milton Petersen, III, Revocable
Trust, Defendants,
and
Kansas Bankers Surety Company, a nonparty witness, Appellant.
 No. 90-3336.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 8, 1991.
 
 Keith Miller, Michael McGill, and Kevin M. Keegan of McGill, Gotsdiner, Workman & Lepp, P.C., Omaha, Neb., for plaintiff-appellee.
 Alan V. Johnson and Martha A. Peterson of Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for appellant Kansas Bankers Sur. Co.
 Before ANDERSON, BARRETT and BRORBY, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 This is an appeal by a nonparty witness, Kansas Bankers Surety Company (KBSC), seeking review of two separate but related orders involving discovery. The first is an order of the United States magistrate for the District of Kansas, transferring to the district court for the District of Nebraska the motion of KBSC for a protective order or, in the alternative, for an order quashing a deposition subpoena duces tecum served by the plaintiff, Milton Petersen, III, and issued out of the Kansas District Court. The second is an order of the district court for the District of Nebraska compelling KBSC to produce certain documents subpoenaed by the plaintiff. Because we have determined that we have no jurisdiction over this matter,[1] we dismiss the appeal.[2]
 
 
 2
 The lawsuit underlying this matter was filed in the district court for the District of Nebraska. Because the plaintiff wished to depose KBSC, a nonparty Kansas resident, he properly applied to the Kansas district court for the issuance of a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. KBSC, arguing that the subpoenaed documents were privileged, moved the Kansas district court to quash the subpoena under Rule 45(d) or, in the alternative, for a protective order under Rule 26(c).
 
 
 3
 On April 11, 1990, the Kansas magistrate, without notice to KBSC or a hearing, determined that the Nebraska court more properly understood the issues of the case and could therefore rule more intelligently on a motion to quash or for a protective order. The magistrate, therefore, sua sponte, ordered that the motion be transferred to the Nebraska district court. The Kansas court file was physically transferred to Nebraska the following day. The record does not indicate when the matter was docketed in the Nebraska court, but it was presumably done well before KBSC filed its notice of appeal to this court in November, 1990.
 
 
 4
 KBSC did not object to the transfer, nor did it then attempt to appeal the magistrate's transfer order to the Kansas district court, allegedly because it did not receive notice of the transfer until after the file had been physically transferred to Nebraska. KBSC's Memorandum Brief in Opposition to Summary Dismissal at 18. Upon receipt of the transferred matter, a Nebraska magistrate eventually designated ninety-one documents for production. After this order was affirmed by the Nebraska district court, KBSC appealed both this production order and the earlier transfer order to the Tenth Circuit.
 
 
 5
 This matter is controlled by Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509 (10th Cir.1991), which involved a transfer pursuant to 28 U.S.C. Sec. 1404(a) but whose reasoning applies to this case as well. In Chrysler Credit we held that "[o]nce the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." Id. at 1516-17 (footnote omitted). This loss of jurisdiction becomes effective when the papers in the transferred case are docketed in the transferee court. Id. at 1517. This date also marks the termination of appellate jurisdiction in the transferor circuit. Id. Unless the district court has transferred the case without proper authority, or the transferee court lacks jurisdiction over the case, the transfer order is unreviewable by the transferor circuit. Id. at 1517 n. 6.
 
 
 6
 KBSC argues that, because its motion to the Kansas magistrate was a motion to quash pursuant to Rule 45(d), it was improper for the Kansas magistrate to transfer the case. If successful, this argument would bring this case within the unauthorized transfer exception noted above.
 
 Rule 45(d)(1) provides in pertinent part:
 
 7
 The person to whom the subpoena is directed may ... serve upon the attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials except pursuant to an order of the court from which the subpoena was issued. (emphasis added).
 
 
 8
 Nothing in Rule 45 or the commentary thereto and no case cited to us, however, compels us to conclude that only the Kansas magistrate had the authority to rule on a motion to quash, effectively prohibiting him from transferring the motion to Nebraska. Accordingly, the transfer was not improper simply because the transferred matter involved a motion to quash under Rule 45.
 
 
 9
 The motion filed by KBSC was also styled as a motion for a protective order pursuant to Rule 26(c). The commentary to the 1970 Amendment to that Rule notes that "[t]he court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." Fed.R.Civ.P. 26, Notes of Advisory Committee on Rules, 1970 Amendment, Subdivision c (emphasis added). Because the commentary refers to both "deponent" and "party," it is clear that even nonparty deponents can be required to litigate motions for protective orders in the court supervising the underlying action. The absence of any language in Rule 45(d) prohibiting transfer of a motion to quash, coupled with this permissive language regarding transfer of motions for protective orders which refers to Rule 45 deponents as well as to parties, see id., is enough to validate the action of the Kansas magistrate. Thus the unauthorized transfer exception noted in Chrysler Credit does not apply since the Kansas magistrate was authorized under Rule 26(c) to transfer this matter to Nebraska. See also Socialist Workers Party v. Attorney General, 73 F.R.D. 699, 700-01 (D.Md.1977); Bank of Texas v. Computer Statistics, Inc., 60 F.R.D. 43, 45 (S.D.Tex.1973). The second part of the Chrysler Credit exception is similarly unavailing for KBSC because the Nebraska court clearly has jurisdiction over the case.
 
 
 10
 Under the holding of Chrysler Credit, therefore, this court has no jurisdiction over either the transfer order entered by the Kansas magistrate or the subsequent orders of the Nebraska district court.[3] There is one additional issue, however, that deserves mention. In Chrysler Credit this court noted:
 
 
 11
 Technically, the district court should have allowed the parties time to seek certification or file a mandamus petition before physically transferring the record and divesting this court of jurisdiction over the appeal. See Wm. A. Smith Contracting Co. v. Travelers Indem. Co., 467 F.2d 662, 664 (10th Cir.1974). However, because the record does not indicate that such a petition would have been filed this oversight proved harmless.
 
 
 12
 Chrysler Credit, 928 F.2d at 1520 n. 9. This statement causes some potential difficulty here because in this case, unlike Chrysler Credit, there is nothing in the record to indicate that KBSC would not have acted to preserve its right to appeal the magistrate's transfer order. As mentioned above, the order of the magistrate transferring the case was entered sua sponte without notice to KBSC and without hearing. The case file was physically transferred the next day and docketed in Nebraska before KBSC had any notice of the transfer whatsoever.
 
 
 13
 Based on these facts, KBSC argues that it is entitled to a writ of mandamus from this court. To be entitled to a writ of mandamus, KBSC must show, inter alia, that "it has no other adequate means to obtain the relief desired ... [and that it] will be damaged or prejudiced in a way not correctable on appeal." Dalton v. United States (In re Dalton), 733 F.2d 710, 717 (10th Cir.1984). In this case, KBSC has an alternative means of obtaining relief: it can move in the Nebraska district court for retransfer. The Eighth Circuit can then review the transfer order. See Linnell v. Sloan, 636 F.2d 65, 67 (4th Cir.1980) (transferee appellate court has jurisdiction to review transfer order once party moves to retransfer in transferee district court); cf. Purex Corp. v. St. Louis Nat'l Stockyards Co., 374 F.2d 998, 1000 (7th Cir.) (transferee circuit lacks power to adjudicate allegedly erroneous transfer absent motion to retransfer made in transferee district court), cert. denied, 389 U.S. 824, 88 S.Ct. 59, 19 L.Ed.2d 77 (1967). KBSC, therefore, has practical means of relief other than mandamus and will suffer no damage not correctable on appeal, albeit not by this appellate court, if we deny mandamus relief. Thus, the haste with which the Kansas magistrate disposed of this matter can be characterized as harmless because, given KBSC's alternate remedies, this court would have denied KBSC's petition for mandamus.
 
 
 14
 Appellee's motion to dismiss is therefore GRANTED.
 
 
 
 [1]
 This court has a duty to inquire into its own jurisdiction. McGeorge v. Continental Airlines, Inc., 871 F.2d 952, 953 (10th Cir.1989)
 
 
 [2]
 This opinion directly responds to Appellee Petersen's motion to dismiss the appeal. Tenth Circuit Rule 34.1.8 provides that there will be no oral argument on petitions or motions except as ordered by the court. The panel determined unanimously not to order oral argument on this motion. See 10th Cir.R. 34.1.8
 
 
 [3]
 Contrary to KBSC's analogy, this case is not one governed by the rules applicable to multidistrict litigation. See 28 U.S.C. Sec. 1407; Rules of the Judicial Panel on Multidistrict Litigation