In the Matter of SUBPOENAS DUCES TECUM TO: SCHNEIDER NATIONAL BULK CARRIERS, INC., Schneider National Carriers, Inc., and Schneider National, Inc., Petitioners.

Jack SLYE, et al., Plaintiffs,

v.

CENTRAL STATES, SOUTHEAST, SOUTHWEST AREAS HEALTH AND WELFARE FUND, et al., Defendants.

No. 96–MISC–008.

United States District Court,
E.D. Wisconsin.

March 6, 1996.

Dennis L. Fisher, Meissner Tierney Fisher & Nichols, S.C., Milwaukee, WI and Bernard O. Westler, Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C., Milwaukee, WI, for defendants.

Michael P. Dunn and James M. Jorissen, Davis & Kuelthau, S.C., Milwaukee, WI, for petitioners.

Miles S. Mittelstadt, Schneider National, Green Bay, WI, for plaintiff.

### ORDER

WARREN, Senior District Judge.

The discovery dispute currently before this Court proceeds from litigation presently pending in the United States District Court for the Southern District of Ohio, Eastern Division before Magistrate Judge Kemp, captioned *Jack Slye, et al. v. Central States, Southeast and Southwest Areas Health and Welfare Fund, et al.* case number C2–95–1245. The underlying litigation involves claims under the Employee Retirement Income Security Act of 1974, the Labor Management Relations Act of 1947 and common law, and implicates decisions of a pension and employee health and welfare fund administered by Central States for truck drivers employed by Schneider Tank Lines, Inc. ("Schneider Tank") and Schneider Transport,

Inc. ("Schneider Transport"). Both Schneider Tank and Schneider Transport are subsidiaries of Schneider National, Inc. ("SNI"), a Wisconsin Corporation with its principal business offices located in Green Bay, Wisconsin. Schneider Tank and Schneider Transport employees are unionized and members of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO. SNI's other subsidiaries, Schneider National Carriers, Inc. ("SNC") and Schneider National Bulk Carriers, Inc. ("SNBC"), are nonunionized.

On January 25, 1996, Central States, Southeast and Southwest Areas Pension Fund and Health and Welfare Fund ("Central States") served three separate subpoenas on petitioners Schneider National, Inc. ("SNI"), and two of its subsidiaries Schneider National Carriers, Inc. ("SNC"), and Schneider National Bulk Carriers, Inc. ("SNBC"). All three are non-party witnesses to the underlying litigation and were served with identical subpoenas duces tecum. On February 6, 1996, SNI, SNC, and SNBC, petitioners, moved the Court to quash the subpoenas on the grounds that the subpoenas permitted inadequate time to respond, were overly broad and unduly burdensome, and sought to compel production of trade secrets, confidential information and attorney-client privileged and attorney work product materials.

On February 9, 1996, the Court held a telephone conference with counsel for parties and imposed a briefing schedule on whether to transfer the discovery dispute to the district court in Ohio. On February 14, 1996, Central States filed a Motion to Transfer, which petitioners responded to on February 20, 1996. Central States replied on February 23, 1996.

Fed.R.Civ.P. 45(c)(3)(A) Protection of Persons Subject to Subpoenas allows the court that issued a subpoena to quash or modify the subpoena for, *inter alia*, failure to allow reasonable time for compliance, undue burden or disclosure of protected or privileged information. Fed.R.Civ.P. 45(c) was amended in 1991, however, the notes of the Advisory Committee state: while "[t]his provision is new and states the rights of witnesses. It is not intended to diminish rights conferred by Rule 26–37 or any other authority.... and tracks the provisions of Rule 26(c)." The Advisory Committee notes to Fed.R.Civ.P. 26(c) state "[t]he court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending." The Court has found no authority on point in the Seventh Circuit to provide direction on whether to transfer subpoenas duces tecum on nonparty witnesses affiliated with plaintiffs to the forum where the underlying litigation is proceeding. The respondents persuasively cite to Wright & Miller for the proposition that "it is within the discretion of the court that issued the subpoena to transfer motions involving the subpoena to the district in which the action is pending." 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2463 at 79 (1995) (citing *In re Digital Equip. Corp.*, 949 F.2d 228 (8th Cir.1991) (the district court may in its discretion remit a discovery matter involving deposition subpoenas to the court in which the action is pending); *Pactel Personal Communications v. JMB Realty Corp.*, 133 F.R.D. 137 (E.D.Mo.1990) (the district court may issue an order transferring, *inter alia*, a motion to quash subpoena duces tecum filed on nonparties to the forum where the underlying litigation is pending, pursuant to the power granted in Rule 26(c))); *see also Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389 (10th Cir. 1991) (holding that sua sponte transfer of motion to quash to forum where underlying litigation was pending was not improper). In light of the Court's discretionary authority to transfer this matter to the court where the underlying litigation is pending, the Court believes that in the interest of uniformity and judicial economy, it is appropriate to transfer this case to Magistrate Judge Kemp of the Southern District of Ohio, Eastern Division, who is presiding over the litigation.

A recent decision in the underlying litigation states:

The two Schneider Company plaintiffs are members of a family of corporations which are involved in the transportation field. The number of employees of Schneider

Tank and Schneider Transport has been dwindling, but other companies within the same family have continued to hire new persons. Those newly-hired employees do not participate in Central States. The Court will ultimately have to determine whether the language of the Trust Agreements ... permits the Funds to deny Schneider Tank and Schneider Transport continued participation. There may also be a question about whether the other companies into which new people are being hired to work similar to that of the two covered employees, or whether valid business reasons have caused the growth of the other Schneider Companies and the lack of growth in the two covered entities. It is likely that actuarial testimony will be presented concerning the impact of the Schneider plaintiffs' current operations on the actuarial soundness of the Funds.

(Opinion and Order of Magistrate Judge Kemp, February 2, 1996 at 9–10.) Thus at issue in this case is the authority of the Central States pension fund to terminate the participation of Schneider Tank and Schneider Transport employees due to "actuarial necessity." Schneider Tank and Schneider Transport assert that their dwindling participation in Central States is due to legitimate business reasons. Central States has sought production of documents from Schneider Tank and Schneider Transport as well as from parent company SNI and two other Schneider subsidiaries. Clearly, the Court in the Southern District of Ohio is more familiar with the factual and legal issues underlying this cause of action and is in a better position to rule on the relevancy, undue burden and confidentiality of the respondents' requests within the totality of circumstances surrounding this litigation. Respondents have filed a motion to compel in the Southern District of Ohio with regard to document requests issued to Schneider Tank and Schneider Transport, SNI subsidiaries that are parties to the action. The Court does not find transferring this matter to the Southern District of Ohio inconvenient for either party because the choice of forum by plaintiffs Schneider Tank and Schneider Transport is the Southern District of Ohio and the nonparty witnesses are affiliated with the plaintiffs. Thus, the Court believes it is more efficient to transfer this entire subpoena enforcement matter outright to the Southern District of Ohio. Accordingly,

IT IS ORDERED that this case be and the same is hereby TRANSFERRED to Magistrate Judge Kemp of the Southern District of Ohio, Eastern Division.

The clerk is directed to transfer the case accordingly.

**SO ORDERED.**