**CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, et al., Plaintiffs,**

v.

**QUICKIE TRANSPORT COMPANY, et al., Defendants.**

Civil Action No. 97–MC–116.

United States District Court, E.D. Pennsylvania.

July 8, 1997.

Ian Matheson Ballard, Jr., Morgan, Lewis & Bockius, Philadelphia, PA, William W. Leathem, Des Plaines, IL, for plaintiffs.

Walter H. Flamm, Conshohocken, PA, for defendants.

### *ORDER & MEMORANDUM*

KATZ, District Judge.

**AND NOW**, this 8th day of July, 1997, upon consideration of Plaintiffs' Motion to Transfer Defendants' Motion for Protective Order, and the response thereto, it is hereby **ORDERED** that the said motion is **GRANTED**.

Plaintiffs filed an action in the Northern District of Illinois, in which they claim (1) that defendants owe them approximately

$3,000,000 in withdrawal liability under ERISA as amended by the Multiemployer Pension Plan Amendments Act of 1980 and (2) that defendants defrauded them into believing that all four defendants were not under common control for the assessment of withdrawal liability. *See* Pls. Mem. in Support of Mot. to Transfer at 2–3.

■ Plaintiffs then issued a subpoena duces tecum to Pierce Leahy Co. and subpoenas duces tecum and testificandum to William L. Mueller and Walter H. Flamm seeking

all files, books, documents, letters, memoranda, correspondence, notes, or other tangible things which relate or refer to the following:

(a) Quickie Transport Company (Quickie);

(b) Transportation Finance & Management, Inc. (TFM)

(c) Transwood Carriers, Inc. (Transwood);

(d) Transwood, Inc.;

(e) Herman Bros., Inc. (HBI); and

(f) The Central States, Southwest Areas Pension Fund's (Pension Fund) assessment of withdrawal liability against Quickie, TFM, Transwood, and/or HBI for a December 31, 1991 partial withdrawal from the Pension Fund and the employer's request for review of the withdrawal liability assessment.

Defs. Mot. for Protective Order Exs. A–D. Flamm has represented defendants for over twenty years and still serves as defendants' attorney. Defs. Mot. for Protective Order ¶¶ 9, 12. Flamm previously worked at Clark, Ladner, Fortenbaugh & Young, which dissolved November 30, 1996. *Id.* ¶ 11. Mueller was the managing partner of Clark, Ladner, and Pierce Leahy is where Clark, Ladner's client files have been archived. Pls. Mem. in Support of Mot. to Transfer at 17. Defendants filed a motion for a protective order, arguing that the majority of the

materials sought are covered by the attorney-client and work-product privileges and that the scope of the subpoenas is overly broad and seeks irrelevant material. Defs. Mot. for Protective Order ¶¶ 18, 22. Plaintiffs, in return, have filed this motion to transfer, arguing that the underlying action is factually complex and the resolution of this discovery dispute will involve, *inter alia,* a determination of whether the crime-fraud exception applies to the privileges alleged. *See* Pls. Mem. in Support of Mot. to Transfer at 22.

■ Rule 26(c) "recognizes the power of the court in the district where a deposition is being taken to make protective orders. Such power is needed when the deposition is being taken far from the court where the action is pending. *The court in the district where the deposition is being taken, may, and frequently will, remit the deponent or party to the court where the action is pending.*" Advisory Committee Notes, Fed.R.Civ.P. 26(c) (emphasis added); *accord In re Digital Equip. Corp.,* 949 F.2d 228, 231 (8th Cir. 1991) (quoting Advisory Committee Note); *Petersen v. Douglas County Bank & Trust Co.,* 940 F.2d 1389, 1391 (10th Cir.1991) (same). "The court in the district where the deposition is to be taken has the power to grant or deny the protective order, but also possesses discretion to defer to the judge handling the case on the merits." 6 James Wm. Moore et al., Moore's Federal Practice, § 26.102[3] (3d ed.1997) (footnote omitted).

It is appropriate to remit the instant discovery dispute to the Illinois court.[1] The underlying action is factually complex, and the Illinois court is more familiar with the issues involved. *See In re Schneider Nat'l Bulk Carriers,* 918 F.Supp. 272, 274 (E.D.Wis.1996) (noting that the court where underlying action was pending was "more familiar with the factual and legal issues

---

1. This court uses the term "remit" as employed by the Advisory Committee and will deny the motion for the protective order with leave to renew before the Illinois district court. Courts have been relatively indecisive as to whether "transfer" is an appropriate term. *See, e.g., In re Orthopedic Bone Screw Prods. Liabil. Litig.,* 79 F.3d 46, 48 (7th Cir.1996) (denying petition for writ of mandamus where district court transferred motion to court where MDL's consolidated pretrial proceedings were being held but noting that use of the word "transfer" is an "error of nomenclature"); *In re Digital Equip. Corp.,* 949 F.2d at 231 (using "transfer" and "remit" interchangeably).

underlying this cause of action and [was] in a better position to rule on the relevancy, undue burden and confidentiality of the respondents' requests within the totality of circumstances surrounding this litigation"); *Bank of Texas v. Computer Statistics, Inc.*, 60 F.R.D. 43, 45 (S.D.Tex.1973) (same). Moreover, the resolution of whether the crime-fraud exception to the attorney-client privilege applies would require this court to delve into the merits of the underlying action.[2] Additionally, Flamm can easily litigate this motion before the Illinois court since he is representing the defendants there. The hardship on Mueller (who is being represented by Flamm in the motion) and Pierce Leahy (which did not join in the motion for the protective order)[3] is minimal. *See Petersen*, 940 F.2d at 1391 ("[E]ven nonparty deponents can be required to litigate motions for protective orders in the court supervising the underlying action."). Thus, because the Illinois district court is in a superior position to decide this discovery dispute, this court will grant plaintiffs' motion.[4]

---

**2.** In recognizing this fact, this court is not accepting plaintiffs' allegations as true, as defendants contend in their response, but rather, is refusing to determine central issues in the underlying action.

**3.** While Flamm asserts that Pierce Leahy did not join in the motion for a protective order because it is an "innocent bystander" (Defs. Mem. in Opp. to Pls. Mot. to Transfer at n. 1), under Rule 26(c), Pierce Leahy's motion for a protective order, because it does not relate to a deposition, could be appropriately brought only before the Illinois district court. *See* Fed.R.Civ.Pro. 26(c).

Indeed, plaintiffs also claim that the only depositions involved are "to confirm that the subpoenaed non-party has produced all the documents responsive to the subpoena." Pls. Mem. in Support of Mot. to Transfer at 16. Thus, these subpoenas barely can be considered as relating to depositions, as they are largely for document production, and therefore the motion for a protective order, if the subpoenas are so treated,

properly belongs before the Illinois district court. *See* Fed.R.Civ.Pro. 26(c).

**4.** One court has determined that these kinds of transfer motions are governed by the "convenience of parties and witnesses" and "interest of justice" standard of 28 U.S.C. § 1404(a). *See Bank of Texas*, 60 F.R.D. at 45. Other courts have thought this standard does not apply. *See Socialist Workers Party v. Attorney General of the U.S.*, 73 F.R.D. 699, 701 (D.Md.1977) (quoting the 1976–77 Cumulative Supplement to Moore's Federal Practice which states that § 1404(a) is not " 'technically applicable' " but that nevertheless, such transfers " 'make[ ] good sense' "). However, even if the Third Circuit were to adopt § 1404's standard for these transfer motions, for the reasons explicated above, it is clear that the convenience of the parties and witnesses and the interests of justice are best served by transferring this motion.