72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Franklin STEADMAN, Plaintiff-Appellant,
v.
ROCKY MOUNTAIN NEWS, under The Scripps Howard Newspaper
Corporation, Defendant-Appellee.
 No. 95-1102.
 United States Court of Appeals, Tenth Circuit.
 Dec. 11, 1995.
 
 1
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Franklin Steadman, appearing pro se, appeals the district court's order dismissing his complaint claiming defendant, his former employer, violated his rights under the Americans with Disabilities Act (ADA), 42 U.S.C. 12101-12213; Title VII, 42 U.S.C.2000e to 2000e-17; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621-634; the First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendments to the Constitution; state laws prohibiting libel or slander; the Freedom of Information Act (FOIA), 5 U.S.C. 552; and the Privacy Act, 5 U.S.C. 552a. He also claims defendant improperly claimed tax credits, and failed to use certified interpreters for the deaf. Plaintiff is deaf. He further alleges the union failed to recognize its responsibility in defendant's allegedly unfair treatment of plaintiff. Finally, plaintiff asserts the district court should have appointed counsel to represent him, and should have refunded him $355, apparently for fees and costs paid.
 
 
 4
 We review de novo the district court's determination that plaintiff's disability discrimination claim is barred by the statute of limitations, Edwards v. International Union, United Plant Guard Workers, 46 F.3d 1047, 1050 (10th Cir.), cert. denied, 116 S.Ct. 60 (1995), because he failed to file his lawsuit within ninety days after the Equal Employment Opportunity Commission (EEOC) issued its right-to-sue letter, as required by 42 U.S.C. 12117(a)(incorporating the filing requirements of 42 U.S.C.2000e-5(f)(1)). Plaintiff's lawsuit was filed on August 8, 1994, more than ninety days after the right-to-sue letter was issued on March 15, 1994. Therefore, the statute of limitations bars plaintiff's disability discrimination claim. We consider as part of the disability claim plaintiff's complaint that defendant failed to engage certified interpreters.
 
 
 5
 The district court dismissed plaintiff's age and sex discrimination claims because he failed to exhaust his administrative remedies by filing these claims with the EEOC. Generally, a plaintiff must exhaust his administrative remedies before filing an action in a federal court. See Ingels v. Thiokol Corp., 42 F.3d 616, 619-20, 625 (10th Cir.1994)(ADEA); Martin v. Nannie & The Newborns, Inc., 3 F.3d 1410, 1414 (10th Cir.1993)(Title VII). Because plaintiff failed to do so, his age and sex discrimination claims were properly dismissed.
 
 
 6
 The district court dismissed plaintiff's remaining claims for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), which we review de novo, Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir.1995). We construe liberally plaintiff's pro se claims, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), to evaluate whether "it appears beyond doubt that [he] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).
 
 
 7
 Plaintiff's claims based on the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, the Freedom of Information Act and the Privacy Act, cannot be brought against defendant because defendant is not a governmental entity. Cf. Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991)(claim under 42 U.S.C.1983 that constitutional rights were violated must be alleged against state actor). Plaintiff has failed to allege facts to support his claim under the Thirteenth Amendment which abolished slavery.
 
 
 8
 Plaintiff does not have standing to bring a claim that defendant improperly claimed tax credits. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)(standing requires "injury in fact," connection between injury and challenged conduct, and likelihood that favorable decision would redress injury). Plaintiff's claim regarding the union's responsibilities was properly dismissed because the union is not a party to this lawsuit. Plaintiff did not allege facts to support a claim for libel or slander. See Williams v. District Court, 866 P.2d 908, 911 n. 4 (Colo.1993) (defamation claim requires showing that defendant made defamatory statement about plaintiff that was published to a third party, defendant's fault was at least negligence, and statement was actionable irrespective of special damages or plaintiff can show special damages). Accordingly, we affirm the district court's order dismissing plaintiff's claims.
 
 
 9
 We next consider whether the district court abused its discretion by declining to appoint counsel for plaintiff. See Shabazz v. Askins, 14 F.3d 533, 535 (10th Cir.1994). We have carefully reviewed plaintiff's claims in light of the materials submitted and the applicable law, and we conclude that the district court did not abuse its discretion by refusing to appoint counsel in this civil case. Finally, plaintiff has proffered no argument to support his claim that he is entitled to a refund from the district court.
 
 
 10
 Plaintiff's request for appointment of counsel on appeal is denied.
 
 
 11
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470