74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rita TAFOYA, personal representative of Frank Tafoya,
deceased, for the benefit of Jeannette Tafoya,
Pamela Jean Chavez, and Christopher
Martinez, beneficiaries,
Plaintiff-Appellant,
v.
Jack BOBROFF, Superintendent of Albuquerque Public Schools;
Craig O'Neil, Security Officer of Albuquerque Public
Schools; John Does # 1-3, officers and employees of
Albuquerque Public Schools; Albuquerque Public School
Board, Defendants-Appellees.
 No. 94-2246.
(D.C.No. CIV-94-310-JB)
 United States Court of Appeals, Tenth Circuit.
 Jan. 16, 1996.
 
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,** District Judge.
 ORDER AND JUDGMENT[1]
 BRISCOE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff sued defendants under various theories for the death of Frank Tafoya. Mr. Tafoya suffered a heart attack and died during a physical test he attempted as part of the employment selection process for a security guard position with the Albuquerque Public School District. The district court dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has pursued on appeal only one issue: whether New Mexico has waived governmental immunity for negligent deprivation of rights secured by the United States and New Mexico Constitutions, and federal and state statutes. The remaining issues are deemed abandoned. See Dixon v. City of Lawton, 898 F.2d 1443, 1449 n. 7 (10th Cir.1990).
 
 
 3
 We review de novo the district court's order dismissing plaintiff's complaint under Rule 12(b)(6), Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir.1995), to evaluate whether "it appears beyond doubt that [she] can prove no set of facts in support of [her] claim which would entitle [her] to relief," Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We must accept as true all well-pleaded allegations of plaintiff's amended complaint, and construe them in her favor. Jojola, 55 F.3d at 490.
 
 
 4
 The New Mexico Tort Claims Act grants immunity from tort liability to "[a] governmental entity and any public employee while acting within the scope of duty," except as waived by N.M. Stat. Ann. 41-4-5 through 41-4-12 (Michie 1989). Id. 41-4-4(A). Section 41-4-12 waives immunity for:
 
 
 5
 wrongful death ... resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.
 
 
 6
 (emphasis added).
 
 
 7
 Plaintiff claims a waiver of governmental immunity pursuant to section 41-4-12, on the ground that defendant O'Neil was acting in his official capacity as a law enforcement officer when he administered the physical test to Mr. Tafoya. Plaintiff alleges the other defendants are liable under the doctrine of respondeat superior based on defendant O'Neil's actions. Because we conclude plaintiff failed to state a claim for relief against defendant O'Neil, we do not reach the issue of whether the other defendants are vicariously liable for defendant O'Neil's actions.
 
 
 8
 Simple negligence by a law enforcement officer in the performance of his duty will not trigger application of section 41-4-12. Bober v. New Mexico State Fair, 808 P.2d 614, 623-24 (N.M.1991). A cause of action may be stated, however, where an officer's negligence is "alleged to have proximately caused the deprivation of a right secured under New Mexico law." California First Bank v. State, 801 P.2d 646, 658 (N.M.1990).
 
 
 9
 Plaintiff maintains she has stated a claim by alleging that defendants' negligence deprived Mr. Tafoya of his rights under federal and state laws and constitutions. Although her claims are stated generally, it appears that plaintiff relies on the following federal and state laws: (1) the Fourteenth Amendment to the United States Constitution; (2) 42 U.S.C.1981a and 1983; (3) the Americans with Disabilities Act (ADA), 42 U.S.C. 12101-12213; (4) the Rehabilitation Act, 29 U.S.C. 794; (5) N.M. Const. art. II, 4; (6) the wrongful death statute, N.M. Stat. Ann. 41-2-1 (Michie 1989); and (7) the Human Rights Act, N.M. Stat. Ann. 28-1-1 through 28-1-15 (Michie 1991).
 
 
 10
 We first address the federal law. The due process clause of the Fourteenth Amendment is not implicated by negligence in an official's performance of his or her duty. Daniels v. Williams, 474 U.S. 327, 328 (1986). Therefore, plaintiff's claims pursuant to the Fourteenth Amendment and 1983 based on negligence fail to state a claim upon which relief can be granted. See id.
 
 
 11
 Plaintiff also claims immunity was waived because defendants violated the Rehabilitation Act, the ADA, and the Civil Rights Act of 1991, 42 U.S.C.1981a. In a thorough and comprehensive order, the district court determined that plaintiff failed to state a claim for relief under any of these federal statutory schemes. Plaintiff has cited no authority to support her claim that the district court's ruling was in error. Conclusory reference to district court error without sufficient citation to authority is not adequate appellate argument. Brownlee v. Lear Siegler Management Servs. Corp., 15 F.3d 976, 977-78 (10th Cir.), cert. denied, 114 S.Ct. 2743 (1994). Consequently, we decline to reexamine the district court's conclusions.
 
 
 12
 We conclude immunity is not waived under section 41-4-12 based on federal law. Cf. Blea v. City of Espanola, 870 P.2d 755, 760 (N.M.Ct.App.) (if complaint states claim under federal law, immunity is waived under section 41-4-12), cert. denied, 871 P.2d 984 (N.M.1994).
 
 
 13
 Plaintiff also claims Mr. Tafoya was denied his rights secured by the state wrongful death statute, the Human Rights Act, and the New Mexico constitution. The constitutional claim apparently refers to N.M. Const. art. II, 4, which provides:
 
 
 14
 All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness.
 
 
 15
 Plaintiff makes only the general claim that Mr. Tafoya was denied his rights under that section. "[M]ere references to the right to enjoy life and to seek and obtain safety and happiness are not sufficient to serve as a basis for a waiver of immunity under Section 41-4-12." Lucero v. Salazar, 877 P.2d 1106, 1107 (N.M.Ct.App.), cert. denied, 877 P.2d 1105 (N.M.1994). Reliance on the wrongful death statute and the Human Rights Act is similarly misplaced. See Caillouette v. Hercules, Inc., 827 P.2d 1306, 1311 (N.M.Ct.App.), cert. denied, 826 P.2d 573 (N.M.1992). New Mexico has declined to base a waiver of immunity on such general provisions because "the exceptions thus created would eliminate the principle of sovereign immunity." Id.; accord Blea, 870 P.2d at 759.
 
 
 16
 Moreover, plaintiff has not explained how violation of the constitutions or laws caused or contributed to Mr. Tafoya's death. See California First Bank, 801 P.2d at 653, 657 (plaintiff stated cause of action by alleging officers' breach of statutory duty to investigate criminal acts and to apprehend obviously drunken driver resulted in driver's collision with victims); cf. Caillouette, 827 P.2d at 1312 (directed verdict upheld based on lack of evidence of causal connection between accident and any alleged failure to comply with statute). Plaintiff also has not demonstrated that any of the torts enumerated in section 41-4-12 resulted from defendants' negligence. See Blea, 870 P.2d at 758 ("[T]here is no waiver of immunity under Section 41-4-12 for mere negligence of law enforcement officers that does not result in one of the enumerated acts."); accord Bober, 808 P.2d at 623-24 (citing cases). Accordingly, we conclude plaintiff's complaint fails to state a claim upon which relief can be granted.
 
 
 17
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 **
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3