# UNITED STATES COURT OF APPEALS

**Filed 7/26/96**TENTH CIRCUIT

DAVID S. PETERSON,

      Plaintiff-Appellant,

v.

D'ANN RASMUSSEN,

      Defendant-Appellee.

Case Nos. 95-2200, 95-2246

(D.C. CIV-95-911-JC)
(District of New Mexico)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff David S. Peterson appeals the district court's dismissal of his claims

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1

against defendant D'Ann Rasmussen, an Assistant District Attorney for the First Judicial District of New Mexico. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Mr. Peterson brought this action in the First Judicial District Court for the State of New Mexico ("the state court"). He alleges that, in January 1995, he filed a criminal complaint against a corrections officer who had illegally confiscated his legal files and word processor. According to Mr. Peterson, Ms. Rasmussen failed to adequately investigate the criminal complaint and improperly filed a notice of dismissal on the grounds that there was insufficient evidence to prosecute the case. He maintains that in dismissing the complaint, Ms. Rasmussen knowingly presented false evidence to the court, "knowingly desert[ed] her clients, the citizens of New Mexico," and "knowingly jeopardize[d] her clients[, the people of New Mexico,] in order to favor the [corrections officer]." See Rec vol. I doc. 1, Ex. 1, ¶¶ 14-17. Mr. Peterson also asserts that Ms. Rasmussen acted under color of law to violate his First and Fourteenth Amendment right of access to the courts. He seeks actual and punitive damages and an order disbarring Ms. Rasmussen.

After service of the complaint, Ms. Rasmussen filed a notice of removal in the United States District Court for the District of New Mexico ("the district court"). She noted that Mr. Peterson had alleged violations of rights secured by the United States Constitution. The district court then dismissed the complaint sua sponte pursuant to 28

U.S.C. § 1915(d) and Fed. R. Civ. P. 12(b)(6). The court reasoned that Mr. Peterson's allegations concerned Ms. Rasmussen's conduct as a prosecutor and that, as a result, she was entitled to absolute immunity. The court subsequently denied Mr. Peterson's request for reconsideration.

On appeal, Mr. Peterson argues that the removal of the case to the district court was improper. He also challenges the district court's conclusion that Ms. Rasmussen was entitled to absolute immunity. Finally, he argues that dismissal was not warranted because his complaint alleges violations of New Mexico statutes.

The district court's allowance of removal raises a legal question that is subject to de novo review. See Garrett v. Commonwealth Mortgage Corp., 938 F.2d 591, 593 (5th Cir. 1991). As to the court's dismissal of the complaint, we treat its decision as a grant of a motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) and engage in de novo review. See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995).[1] We "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991). "Dismissal is only appropriate when the plaintiff can prove no set of facts to support a

---

[1]    As noted, in dismissing the complaint, the district court cited 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 12(b)(6). Our review of § 1915(d) dismissals is more deferential than our review of Rule 12(b)(6) dismissals. Compare Fratus v. DeLand, 49 F.3d 673, 674 (10th Cir. 1995) (reviewing the district court's dismissal under § 1915(d) for an abuse of discretion) with Jojola, 55 F.3d at 490 (10th Cir. 1995) (reviewing de novo the district court's dismissal under Rule 12(b)(6)). By treating the district court's decision as a dismissal under Fed. R. Civ. P. 12(b)(6), we adopt an interpretation that allows a more searching appellate review.

3

claim for relief." Jojola, 55 F.3d at 490.

The district court did not err in allowing removal. Federal statutes authorize removal of actions over which the federal district courts have original jurisdiction, including civil rights actions filed pursuant to 42 U.S.C. § 1983. See 28 U.S.C. § 1441; see also Harris v. Birmingham Bd. of Educ., 817 F.2d 1525, 1526-27 (11th Cir. 1987). Because Mr. Peterson alleged that Ms. Rasmussen violated his rights under the First and Fourteenth Amendments, removal was proper. Moreover, the fact that Mr. Peterson asserted violations of state law did not require the remand of those claims to the state court. Under 28 U.S.C. § 1367, the district court had supplemental jurisdiction to adjudicate them. See Zuniga v. Blue Cross & Blue Shield, 52 F.3d 1395, 1399 (6th Cir. 1995).

With regard to Mr. Peterson's claim that Ms. Rasmussen violated his rights under the federal constitution, we agree with the district court that dismissal is warranted because Ms. Rasmussen is entitled to absolute immunity. State prosecutors are entitled to absolute immunity from § 1983 actions based on conduct "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Mr. Peterson's allegations involve Ms. Rasmussen's decision not to prosecute the criminal complaint against the corrections officer, an act "intimately associated with the judicial phase of the criminal process." See id.; see also Brodnicki v. City of Omaha, 75 F.3d 1261, 1268 (8th Cir. 1996) ("The decisions relating to the initiation and dismissal of

cases are at the very heart of a prosecutor's function as an advocate for the state, and absolute immunity thus attaches to those decisions."); Hammond v. Bales, 843 F.2d 1320, 1321 (10th Cir. 1988) ("[T]he decision not to prosecute criminal charges is similar to the decision to prosecute and should therefore be protected by absolute immunity." (citing Dohaish v. Tooley, 670 F.2d 934, 938 (10th Cir.), cert. denied, 459 U.S. 826 (1982))); Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir. 1984) ("We think that conferring with potential witnesses for the purpose of determining whether to initiate proceedings is plainly a function `intimately associated with the judicial phase of the criminal process.'" (quoting Imbler, 424 U.S. at 430)), cert. denied, 469 U.S. 1127 (1985).

Finally, with regard to Mr. Peterson's allegations of state law violations, we also agree with the district court that dismissal is warranted. Under the New Mexico Tort Claims Act, N. M. Stat. Ann. §§ 41-4-1 to -27, public officials such as Ms. Rasmussen are entitled to immunity from liability for torts unless their immunity is specifically waived by the Tort Claims Act itself. See N. M. Stat. Ann.§ 41-4-4(A); Garcia v. Board of Educ., 777 F.2d 1403, 1407 (10th Cir. 1985), cert denied, 479 U.S. 814 (1986). Mr. Peterson has identified no provision of the Tort Claims Act that waives Ms. Rasmussen's immunity, and we have found none.

Accordingly, the district court's dismissal of Mr. Peterson's complaint is affirmed.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge