**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 21 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ERROL DOUGLAS CAIN,

      Plaintiff-Appellant,

v.

WILLIAM GRAF, Warden,
Leavenworth Detention Center;
CORRECTIONS CORPORATION OF
AMERICA; CARROL ST. CLAIR,
Medical Supervisor, Leavenworth
Detention Center; R. BRADFORD
ENGLISH, U.S. Marshall, Western
District of Missouri,

      Defendants-Appellees.

No. 97-3328
(D.C. No. 96-3281-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, McKAY,** and **BRISCOE** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Errol Douglas Cain appeals the district court's dismissal of his civil rights claims against defendants Warden of Leavenworth Detention Center William Graf, Medical Supervisor of Leavenworth Detention Center Carrol St. Clair, and Corrections Corporation of America.  Plaintiff also appeals the district court's transfer to Missouri of his claims against defendant R. Bradford English, United States Marshal from the Western District of Missouri.  Because we determine that we have no jurisdiction over this matter, we dismiss plaintiff's appeal. [1]

Although the record is not factually complete, it appears that while plaintiff was being held in the Leavenworth Detention Center awaiting transfer to a Missouri facility, he incurred an injury to his knee.  In his original complaint, brought pursuant to 42 U.S.C. § 1983, he alleged that defendants subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights by denying him necessary medical treatment.  In his amended complaint, plaintiff

---

[1]    This court has an independent duty to inquire into its own jurisdiction. See Maier v. United States Envtl. Protection Agency, 114 F.3d 1032, 1036 (10th Cir.), cert. denied, 118 S. Ct. 599 (1997).

added a cause of action under 42 U.S.C. § 1981, alleging that he was not treated in the same manner as other similarly situated inmates. He also added as a defendant Marshal English, alleging that Marshal English was the person who refused to authorize medical care for plaintiff while he was being held at Leavenworth.

On October 14, 1997, the district court, on its own motion and before service on defendants, summarily dismissed plaintiff's claims against the Kansas defendants for failure to state a claim upon which relief could be granted. The court concluded that plaintiff had alleged no state action in support of his § 1983 claims, see Jojola v. Chavez, 55 F.3d 488, 492 (10th Cir. 1995) (to prevail in federal court, a § 1983 plaintiff must show the deprivation of a constitutional right by a person acting under color of state law), and no racial discrimination in support of his § 1981 claims, see Olguin v. Lucero, 87 F.3d 401, 404-05 (10th Cir.) (relief under § 1981 is premised upon a showing of discrimination against a person on the basis of race or ethnicity), cert. denied, 117 S. Ct. 436 (1996). Finally, the court stated that, because the remaining defendant, Marshal English, resided in Missouri, the case "should be transferred to the Western District of Missouri for further consideration of plaintiff's claims and plaintiff's pending motions." District Court's Order dated October 14, 1997, at 3. On October 22,

1997, the Western District of Missouri acknowledged receipt of plaintiff's file and docketed the case.

This case is governed by Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509 (10th Cir. 1991). In Chrysler Credit, this court held that "[o]nce the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer." Id. at 1516-17 (footnote omitted). Appellate jurisdiction is lost when the papers in the transferred case are docketed in the transferee court. See id. at 1517. As the transferor circuit, this court cannot review the transfer order unless the district court has transferred the case without proper authority, or the transferee court lacks jurisdiction over the case. See id. at 1517 n.6. These exceptions are not present here.

The district court entered partial judgment as to the Kansas defendants before transferring the action. We would have jurisdiction to review the partial judgment only where the district court has certified the judgment under Fed. R. Civ. P. 54(b) or properly severed the action into two separate actions pursuant to Fed. R. Civ. P. 21. See Chrysler Credit Corp. 928 F.2d at 1517 n.7, 1519. Absent a Rule 54(b) certification or a Rule 21 severance in this case, we must conclude that the district court transferred the entire action to the Western District of Missouri, thus divesting this court of jurisdiction.

-4-

Under these circumstances, mandamus would have been the appropriate remedy for plaintiff to seek to test the validity of the transfer order. See Dalton v. United States (In re Dalton), 733 F.2d 710, 716 (10th Cir. 1984). Within one week of the district court's order, the case file had been physically transferred and the case had been docketed in Missouri without notice to plaintiff, a hearing, or an opportunity for plaintiff to seek mandamus relief. Therefore, we construe plaintiff's notice of appeal as a petition for a writ of mandamus, see Boughton v. Cotter Corp., 10 F.3d 746, 750-51 (10th Cir. 1993), and briefly address whether plaintiff would have been entitled to mandamus relief.

To be entitled to a writ of mandamus, plaintiff must show, inter alia, that he "has no other adequate means to secure the relief desired." Pacificare of Okla., Inc. v. Burrage, 59 F.3d 151, 153 (10th Cir. 1995) (further quotation omitted). Here, plaintiff can move the Missouri district court for retransfer. Once he has done so, the transferee appellate court has jurisdiction to review the original transfer order, affording plaintiff an adequate means of relief other than mandamus. See Petersen v. Douglas County Bank & Trust Co., 940 F.2d 1389, 1392 (10th Cir. 1991). Therefore, even though the district court's hastily executed transfer order effectively precluded plaintiff from seeking mandamus relief, given plaintiff's adequate means of relief in the transferee court, this court would have denied mandamus, and the district court's error was harmless. See id.

In sum, the district court lost jurisdiction on October 22, 1997, the date the case was docketed in the Western District of Missouri. "This date also marks the termination of appellate jurisdiction in the transferor circuit." <u>Id.</u> at 1391. Plaintiff's appeal is DISMISSED.

Entered for the Court

Wade Brorby
Circuit Judge